UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL S. SATTERWHITE, | Case No. 1:23-cv-01064-EPG |
| Plaintiff, | FINAL JUDGMENT AND ORDER REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | (ECF Nos. 1, 9). |
| Defendant. | |

    This matter is before the Court on Plaintiff's complaint for judicial review of an unfavorable decision by the Commissioner of the Social Security Administration regarding his application for disability insurance benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Ninth Circuit. (ECF No. 12).

    Plaintiff contends the ALJ's decision was based on an incomplete record. (ECF No. 13 at 5). Having reviewed the record, administrative transcript, parties' briefs, and the applicable law, the Court finds as follows.

## I.   DISCUSSION

Plaintiff alleges disability beginning May 30, 2018. (A.R. 17). At the hearing, Plaintiff's non-attorney representative identified a missing psychological evaluation dated in 2013 from Plaintiff's case file. (A.R. 17, 36-37). The missing evaluation appeared to include an IQ test conducted in 2013 that was referenced by the state agency medical consultants' opinions. (*Id.*) The ALJ confirmed the record was missing, and stated she would include the 2013 psychological evaluation in the record. (*Id.*) However, it appears that the ALJ did not end up including this document in the record and did not reference it in her decision. Plaintiff contends that remand is warranted in order to obtain this document. (ECF No. 13 at 7). According to Plaintiff, the ALJ could not conclude that the state agency medical consultants' opinions were "generally persuasive" without examining all of the underlying evidence, including the missing psychological evaluation, relied upon by the state agency medical consultants. (*Id.*)[1]

The ALJ has an independent duty to fully and fairly develop the record and to assure that the claimant's interests are considered, even when the claimant is represented by counsel. *Tonapetyan v. Halter,* 242 F.3d 1144, 1150 (9th Cir.2001). However, "[a]n ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001) (citing *Tonapetyan,* 243 F.3d at 1150).

The missing psychological evaluation was referenced by state agency medical consultants, Dr. McClain and Dr. Leizer. The state agency medical consultants both noted that Plaintiff's "[Wechsler Memory Scale IV] scores were significantly lower than would be expected from [Wechsler Adult Intelligence Scale IV] scores. The claimant had been given the same tests in a CE in 2013, at which time his WAIS IV Scores were only slightly higher than at present testing, but his WMS IV scores has been significantly higher, in the low 70s. There is no known reason why his memory should have deteriorated since 2013 and consequently, it is believed that he does have memory capacity more in keeping with the earlier scores." (A.R. 64, 92).

---

[1] Plaintiff's opening brief also states; "It is a violation of due process for the defendant to fail to provide a disability claimant with all of the evidence upon which she based a denial of benefits." (ECF No. 13, p. 7). But Plaintiff provides no support or authority for this, and the Court need not address it. Moreover, this decision addresses the legal authority applicable to this issue.

In her decision, the ALJ considered the opinions of Dr. McClain and Dr. Leizer as follows:

> At the initial level, state agency mental consultant, Jo McClain, Psy.D., found the claimant's mental impairment caused moderate limitations in understanding, remembering, or applying information, moderate limitations in interacting with others, moderate limitations in concentrating, persisting, or maintaining pace, and moderate limitations in adapting or managing oneself. Dr. McClain opined that the claimant is capable of understanding, remembering and completing unskilled one to two step instructions; can maintain concentration and persistence for unskilled one to two step tasks within an eight hour workday for a 40 hour workweek; would be able to engage in brief, occasional interactions with public, supervisors, and co-workers; is able to adapt to stress and changes within the work environment (Exhibit 1A/8, 12). On reconsideration, Howard S. Leizer, Ph.D., affirmed this opinion (Exhibit 5A/6, 10). These opinions are generally persuasive to the extent that they are consistent with the largely normal objective findings on mental status evaluation, as well as the claimant's self-reported relatively full range of daily activities and little in the way of ongoing mental health treatment however, giving the claimant's subjective symptoms generous consideration, I find that medical evidence since these opinions, including Individual Program Plans in 2020 and 2022 that noted findings such as aggressiveness when given instruction or a task to complete and performs personal care activities independently when reminded, is reasonably consistent with moderate difficulties adapting and managing oneself and severe impairments as described above.

(A.R. 24).

Reviewing the ALJ's decision and the record as a whole, the Court finds that any error in not obtaining this record was harmless. The state agency consultants had access to the earlier document and considered it in their evaluations. There is nothing to suggest that their summary of the document was incorrect. Moreover, this document was well outside the disability period. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008) (evidence outside the disability period is often "of limited relevance"). Further, Plaintiff does not call into question any of the other evidence supporting the ALJ's decision, or the ALJ's evaluation of the state agency consulting opinions, including that their opinions were "consistent with the largely normal objective findings on mental status evaluation, as well as the claimant's self-reported relatively full range of daily activities and little in the way of ongoing mental health treatment." (A.R. 24).

In reply, Plaintiff argues that he cannot rebut the Commissioner's claim of harmless error without the opportunity to review the contents of the psychological evaluation. (ECF No. 16 at 3). Plaintiff's argument is unavailing. The ALJ was not required to obtain the missing psychological

evaluation given the adequate and unambiguous record. *See Ford v. Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020) (finding further development unnecessary when the available record included years of mental health records and multiple opinions from non-examining medical providers). Further, after reviewing the ALJ's decision, the Court finds the ALJ's decision is supported by substantial evidence on the record, including the ALJ's consideration of Plaintiff's subjective complaints, the treatment records, and the medical opinions on record. Plaintiff does not challenge any other parts of the ALJ's decision. Accordingly, any error was harmless. *Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012) ("[A]n error is harmless so long as there remains substantial evidence supporting the ALJ's decision and the error does not negate the validity of the ALJ's ultimate conclusion.").

Indeed, Plaintiff does not argue otherwise. Plaintiff does not present any developed argument that the missing record could have changed the ALJ's decision. Instead, Plaintiff asserts that "it is simply impossible to determine what facts that evidence might demonstrate." (ECF No. 13 at 8). But given the very extensive record, including six medical opinions, two of which were from updated consultative examinations, as well as Plaintiff's history of working for five years after the 2013 consultative examination, the Court finds that lack of access to one underlying record considered by the consulting examiners was harmless.

## II.     CONCLUSION AND ORDER

Based on the above reasons, the decision of the Commissioner of Social Security is affirmed. The Clerk of Court is directed to enter judgment in favor of the Commissioner of Social Security and to close this case.

IT IS SO ORDERED.

Dated:   **June 26, 2024**              /s/ Erica P. Grosjean
                                                            UNITED STATES MAGISTRATE JUDGE